UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EDWARD JOHN DORT, § | |
| *Plaintiff* § | |
| § | |
| v. § | Case No.  SA-25-CA-00246-XR |
| § | |
| JUDGE RANDY GRAY, COMAL § | |
| COUNTY LANDA ANNEX; §§ | |
| PROSECUTOR TIFFANY HARTMAN, § | |
| CRIMINAL DISTRICT ATTORNEY'S § | |
| OFFICE;  COMAL COUNTY COURT AT § | |
| LAW 1, COMAL COUNTY CLERK; § | |
| AND COMAL COUNTY, § | |
| *Defendant* § | |

## ORDER ON MOTIONS TO DISMISS

On this date, the Court considered the motions to dismiss filed by (1) Defendants Comal County Court at Law 1 (the "County Court"), County Court Judge Randy Gray ("Judge Gray"), and Comal County Assistant District Attorney Tiffany Hartman ("ADA Hartman") (ECF No. 17) and (2) Defendant Comal County (ECF No. 19), and the parties' arguments at the hearing held on September 23, 2025. Plaintiff has not filed a response and the time to do so has expired. After careful consideration, the Court issues the following order.

### BACKGROUND

This suit arises out of Plaintiff Edward John Dort's arrest for a domestic violence misdemeanor in Comal County, Texas on or about March 25, 2022. Judge Gray is or was presiding over Dort's criminal case in the County Court, which remains pending, and is being prosecuted by ADA Hartman in Comal County.[1]

---

[1] *See Texas v. Dort*, Case No. 2023CR1231 (County Court at Law No. 1). At the hearing, Plaintiff represented that Judge Gray had recused himself from the criminal case after he was named in this lawsuit.

Plaintiff purports to be a "State Citizen" of the Republic State of Texas and not subject to "corporate policies" or "rules" unless an injured party exists or a "judicial judge" orders otherwise. ECF No. 1 at 2. He insists that his status as a sovereign individual exempts him from state and federal jurisdiction.

In his original complaint, Plaintiff alleges claims for violations of his constitutional rights, the Foreign Agent Registration Act, the fraudulent concealment doctrine, the Administrative Procedure Act and the Tucker Act and for negligence against the County Court, Judge Gray, and ADA Hartman. *See* ECF No. 1. In his amended complaint, Plaintiff added numerous claims against Comal County. *See* ECF No. 16 at 2 ("Plaintiff reaffirms all the Claims from his initial Complaint, plus adds that the Defendants violated the 6th amendment of the Constitution to know the nature and cause of the action against him."). He seeks compensatory damages of $250,000, punitive damages of $100 million, costs, and interest. ECF No. 1 at 1. While Plaintiff's pleadings contain references to numerous cases, statutes, and constitutional provisions, neither provides specific factual allegations to support any of his claims. *See* ECF Nos. 1, 16.

The Court held a hearing on September 23, 2025. At the hearing, Plaintiff clarified that he was being prosecuted for assault against his ex-wife based on an incident in May 2022. He stated that he had previously filed several *pro se* motions in the criminal case but recently retained counsel in anticipation of trial. The Court explained that Plaintiff needed to provide more detailed factual allegations as to the purported violations of his rights and clearly describe the relief he was seeking. The Court directed Plaintiff to respond to the first motion to dismiss filed by the County Court, Judge Gray, and ADA Hartman (ECF No. 17) by October 13, and stayed discovery pending resolution of the motion. After the hearing, the County moved to dismiss Plaintiff's claims. *See* ECF No. 19. Plaintiff has not responded to either motion, and the time to do so has expired.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

II. Analysis[2]

   A. Motion to Dismiss by the County Court, Judge Gray, and Hartman (ECF No. 17)

      1. The County Court is a non-jural entity

Federal courts in Texas have uniformly held that courts are non-jural entities that are not subject to suit. *See Taylor v. Tarrant Cnty. Jud. Cts.*, No. 4:24-CV-586-O-BP, 2024 WL 5294680, at *3 (N.D. Tex. Dec. 20, 2024), *report and recommendation adopted*, No. 4:24-CV-586-O-BP, 2025 WL 44282 (N.D. Tex. Jan. 7, 2025) (collecting cases).[3] Accordingly, Plaintiff's claims against the County Court are **DISMISSED**.

      2. Judge Gray is entitled to absolute judicial immunity

Judges generally have absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Davis v. Tarrant County*, 565 F.3d 214, 222 (5th Cir. 2009). Judicial immunity is immunity from suit, not just the assessment of damages. *Mireles*, 502 U.S. at 11; *Davis*, 565 F.3d at 222. In *Forrester v. White*, the Supreme Court described the purposes served by judicial immunity:

> [T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have . . . . If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

484 U.S. 219, 226–27.

---

[2] The Court notes that Plaintiff is proceeding *pro se* in this case. When reviewing a *pro se* plaintiff's complaint, the Court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[3] *See, e.g.*, *Smithback v. Texas*, No. 3-07-cv-0288-M, 2007 WL 1518971, at *13 (N.D. Tex. May 24, 2007) ("[T]he Dallas County District Attorney's Office [ ] and the 265th Judicial District Court [ ] are non-jural entities that are not subject to suit. The § 1983 claims against these defendants necessarily fail.")); *Winegarner v. City of Coppell*, 3:05-cv-1157-L, 2006 WL 2485847, at *4 (N.D. Tex. Aug. 28, 2006), *aff'd*, 275 F. App'x 359 (5th Cir. 2008) (dismissing "Plaintiff's claims against the District Attorney's Office and Criminal Court No. 11 because they are not separate jural entities capable of being sued.").

Absolute judicial immunity is inapplicable in certain limited circumstances. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. First, judges are not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Id.* Second, judges are not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* Finally, judges are not immune when the plaintiff seeks prospective relief for alleged ongoing violations of federal law. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908). Allegations of bad faith or malice are insufficient to overcome judicial immunity. *Mireles*, 502 U.S. at 11.

Although the factual basis for Plaintiff's claims against Judge Gray is unclear from the pleadings, Plaintiff alleges that Judge Gray "violated [his] constitutional rights and due process" and has "participated in a criminal racketeering process[.]" *See* ECF No. 16 at 3. Plaintiff does not identify any actions taken by Judge Gray that were nonjudicial in nature or plausibly allege that Judge Gray was acting in the clear absence of all jurisdiction.[4]

At bottom, it appears that Plaintiff has sued Judge Gray simply because Judge Gray presided over his pending criminal case. Accordingly, Plaintiff's claims against Judge Gray are barred by judicial immunity. *See Herrmann v. Bridger*, No. 5:24-CV-00545-JKP, 2024 WL 4849079, at *4 (W.D. Tex. Nov. 20, 2024) (dismissing claims barred by judicial immunity).

3. **ADA Hartman is entitled to prosecutorial immunity**

To the extent Plaintiff asserts Section 1983 claims against ADA Hartman in her individual capacity for monetary damages, the Court finds such claims are barred by prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269–73 (1993); *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993). Prosecutors are absolutely immune from liability in a civil rights lawsuit seeking monetary or other retrospective relief for any actions taken by them within the course and scope

---

[4] As discussed below, any challenge to the County Court's jurisdiction in the criminal proceedings against Plaintiff based on a "sovereign citizenship" theory is legally frivolous.

of representing governmental agencies and subdivisions in judicial proceedings, i.e., when acting as advocates of the state. *Buckley*, 509 U.S. at 269–73; *Booker*, 2 F.3d at 116. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 273. Prosecutors are immune even if their actions are malicious or willful if the actions occur in the exercise of the advocatory function. *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003).

Plaintiff has not alleged any facts showing ADA Hartman was acting outside the course and scope of her role as a prosecutor in the criminal proceedings against him. ECF Nos. 1, 16. Thus, the Court finds ADA Hartman is immune from civil damages and any claims against Hartman in her individual capacity must be dismissed.

### 4. Plaintiff's official-capacity claims against Hartman fail under *Monell*

Plaintiff's claims against ADA Hartman in her official capacity are duplicative of his claims against Comal County, since such claims are generally understood to be suits against the government entity or agency the individual represents. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978). Accordingly, his claims against Hartman in her official capacity are **DISMISSED**.

## B. Motion to Dismiss by Comal County (ECF No. 19)

### 1. Claims under 42 U.S.C. § 1983

Plaintiff asserts claims against the County under 42 U.S.C. § 1983 for purported violations of his rights under the First, Fifth, Sixth, Seventh, and Fourteenth Amendments and the "Separation Clause" of the U.S. Constitution. *See* ECF No. 1; ECF No. 16 at 2 ("Plaintiff reaffirms all the Claims from his initial Complaint, plus adds that the County violated the 6th amendment of the Constitution to know the nature and cause of the action against him.").

The U.S. Supreme Court made clear long ago that a local governmental entity can only be held liable under Section 1983 for constitutional harms that are directly attributable to the governmental entity itself. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). Thus, a plaintiff suing a municipality under Section 1983 must show that "the municipality has a policy or custom that caused plaintiff's injury." *Crull*, 267 F. App'x at 342 (citing *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984). "The plaintiff must identify the specific policy or custom, and show that the final policy maker, through its 'deliberate conduct,' was the 'moving force' behind the violation." *Crull*, 267 F. App'x at 342 (citing Brown, 520 U.S. at 405).

Under *Monell*, deliberate indifference is a "stringent standard, requiring proof that a [county] actor disregarded a known or obvious consequence of his action." *Hobart v. City of Stafford*, 784 F. Supp. 2d 732, 751 (S.D. Tex. 2011) (internal citations omitted). To adequately plead deliberate indifference, a plaintiff "must allege a pattern of similar constitutional violations" that resulted from the challenged policy, practice, or custom. *Henderson v. Harris County*, 51 F.4th 125, 131 (5th Cir. 2022) (quotation omitted) (citing *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). "A pattern requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question." *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009) (quotation marks omitted).

Citing several federal criminal statutes involving racketeering, Plaintiff alleges that "Defendants knowingly conspired through systemic business practices implemented by Comal County." ECF No. 16 at 1. He asserts that "Defendants violated his 6th amendment of the Constitution to know the nature and cause of the action against him. Not only did the defendants

7

refuse to provide the information, but they also actively took action to conceal the nature of the action and provided misleading and false responses." *Id.* at 2–3. "The judge and prosecutors violated the Plaintiff's constitutional rights and due process, while employees of Comal County, where it is standard practice to provide false and misleading information to litigants." *Id.* at 2. He further alleges that the County's "systemic practice" of violating constitutional rights "focuses on obtaining financial benefit while they betray the citizens of their rights" and accuses Defendants of "extort[ing] financial resources from [him while] violat[ing his] constitutional rights, especially the right to due process." *Id.* at 3.

Neither of Plaintiff's pleadings provides any specific factual support for his claims, however. He does not, for example, identify any false or misleading statements made by any County employees. Indeed, despite purporting not to "know the nature and cause of the action against him," Plaintiff acknowledged at the hearing that he was facing domestic violence charges involving his ex-wife. More importantly, Plaintiff does not plausibly allege that a county policymaker had actual or constructive knowledge of a policy, custom, or practice of providing false information to criminal defendants or describe a pattern of prior similar constitutional violations. *Henderson*, 51 F.4th at 131. Plaintiff has thus failed to state a *Monell* claim against Comal County. *Crull*, 267 F. App'x at 342.

**2. Remaining Claims**

Plaintiff does not proffer any specific factual allegations in support of his claim for negligence or his claim for violations of the Foreign Agent Registration Act, the fraudulent concealment doctrine, the Administrative Procedure Act of 1946, or the Tucker Act. Rather, he refers to numerous legal propositions—many of them entirely fictional[5]—without explaining how

---

[5] *See* ECF No. 1 at 4 ("The American B.A.R. is a 'Foreign Union.' Its members all work in collusion with Israel, the British Empire, the Vatican, the Rothschild and Rockefeller banking empires, Congress and the elite to undermine

8

they bear on his claims or otherwise relate to this case. *See, e.g.*, ECF No. 1 at 3 (describing "Separation of Powers); ECF No. 16 at 2 (describing emoluments). \

The APA "authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399–400 (5th Cir. 2020) (quoting 5 U.S.C. § 702). But Plaintiff does not allege any adverse action by a *federal* agency.

Similarly, the Tucker Act waives the federal government's "immunity for certain damages suits in the Court of Federal Claims." *Me. Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1327 (2020) (citations omitted); 28 U.S.C. § 1491(a)(1). But Plaintiff has not sued the United States (much less in the Court of Federal Claims). Thus, he fails to state a plausible claim under the Tucker Act.

From what the Court can tell, Plaintiff's claims appear to take root in the "sovereign citizenship" theory, which multiple courts, including the Fifth Circuit, have found to be legally "frivolous and entirely without merit." *Watson v. Tex. State Univ.*, 829 F. App'x 686 (5th Cir. Nov. 13, 2020) (per curiam) (noting appellant's "reliance on meritless legal theories associated with the sovereign citizen movement," dismissing appeal as frivolous, and imposing sanction); *see also Berman v. Stephens*, No. 14-CV-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases from around the country holding the "sovereign citizen" theory legally frivolous).

"Sovereign citizens" claim to be their own sovereigns and, relying on "the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses," they often attempt to use these beliefs to "avoid paying taxes, extinguish debts, and derail criminal proceedings." *Burleson v. United States*, No. 6:22-CV-00660-ADA-JCM, 2022 WL 17732434, at

America. . . All attorneys are 'Agents of a Foreign Power' who swear allegiance to that Foreign Power – the Queen of England.").

9

*1 (W.D. Tex. Aug. 25, 2022). Courts regularly dismiss such suits as legally frivolous. *See Jennings v. United States*, No. PE-24-CV-00046-DC-DF, 2025 WL 1921786, at *2 (W.D. Tex. June 24, 2025) (collecting cases finding sovereign citizen claims legally frivolous), *report and recommendation* adopted, 2025 WL 1921437 (W.D. Tex. July 11, 2025); *Gooden-El v. Tarrant County*, No. 4:20-CV-116-O, 2021 WL 793758, at *2 (N.D. Tex. Mar. 2, 2021) (collecting cases).

To the extent Plaintiff seeks to assert additional causes of action against the County beyond the previously dismissed *Monell* claims, those claims are dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss Plaintiff's claims (ECF Nos. 17, 19) are **GRANTED**. A final judgment will follow pursuant to Rule 58.

The Clerk is **DIRECTED** to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 20th day of November, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE